CORNING vs. BAXTER and others.

There can be no decree made against a non-resident defendant who does not appear, and who has not been personally served with process, but upon the report of a master as to the truth of the allegations contained in the bill. And where the object of the suit is to obtain payment of money due from the absentee, or which is a lien upon property in which he has an interest, the complainant must also be examined as to any payments which may have been made.

The reference and examination as to the rights of an absentee must be had, although there are other defendants who appear and contest the claim of the complainant, and who have a common interest with such absentee in the defence of the suit.

An order of reference as to the rights of an absent defendant may be entered of course, under the 25th rule, at any time after the bill has been taken as confessed against him, although there are other defendants who appear and contest the suit.

But an order of course in a mortgage case, under the 134th rule, to ascertain the rights of infants or absentees and also to compute the amount due upon the mortgage, cannot be entered if any of the defendants have appeared and contest the complainant's rights as claimed by his bill.

Where a reference to make preliminary inquiries preparatory to the hearing of the cause is necessary or proper, in a case in which the rules do not au‑ thorize the entry of a common order, where such reference is not assen‑ ted to by all the parties interested therein, a special application must be made to the court, upon due notice to all such parties as have appeared in the suit.

September 20.     THE bill in this cause was filed to foreclose a mortgage, given by D. Baxter one of the defendants, and to set aside a release of the equity of redemption as to a part of the mortgaged premises, on the ground that such release had been fraudulently obtained from the complainant ; and J. Baxter, a subsequent grantee of the premises, and several judgment creditors of the mortgagor were made defendants.

The bill was taken as confessed as to all the defendants except J. Baxter, who appeared and answered. A replication was filed to his answer, and the cause, as to him, was in readiness for hearing on pleadings and proofs. The mortgagor and three of the other defendants who had not appeared in the suit being proceeded against as absentees, the complainant applied for an order of reference to a master, as against the absentees, to take proof of the facts and circumstances stated in the bill, and to examine the complainant on oath as to any payments which might have been made to him on account of the debt secured by the mortgage and for liberty to use upon such reference the depositions which had been taken before the examiner. The application was opposed, by the counsel of J. Baxter, on the ground that no such reference was necessary where the cause was to be heard upon pleadings and proofs as to one or more of the defendants; or if such a reference was proper, that it could not be had until the cause had been brought to a hearing as to the defendant who had appeared and answered.

*Ira Harris*, for the complainant.

*F. G. Jewett*, for the defendant, J. Baxter.

THE CHANCELLOR. There can be no decree against a non-resident defendant who has not been personally served with process, and who does not appear in the cause, except upon the report of a master as to the truth of the several facts and circumstances stated in the bill. And if the bill is filed to obtain payment or satisfaction of a sum of money alleged to be due from the absentee, or to be a lien upon property in which the absentee has an interest, as a subsequent incumbrancer or otherwise, the complainant must also be examined on oath as to any payments which may have been made. (2 *R. S.* 186, § 126, 128.) This reference and examination must be had, as to the rights of the absent defendants, although there are other defendants in the suit who appear and contest the complainant's claims,

and who have a common interest with the absentees in the defence of the suit.

It is not absolutely necessary that this reference should be had before the hearing of the cause as against the defendants who have appeared and answered ; as the court may, in its discretion, direct the reference at any time before a final decree.   But as it is most convenient in all cases that this reference should be had before the hearing as to the defendants who have appeared, the 25th rule authorizes the complainant to enter an order of course for such a reference, at any time after the bill has been taken as confessed against the absentees.   An order of course may be entered under this rule although there are other defendants who appear and contest the suit.   The order of reference to which Mr. Hoffman has appended the note to which the court was referred on the argument, (*Hoff. Pr. App. No.* 79,) is not a simple reference, under the 25th rule, to examine the complainant on oath and to take proof of the facts and circumstances stated in the bill.   But it is a precedent of an order of course under the provisions of the 134th rule ; and it embraces other matters in which the defendants who have appeared and contested the suit have a common interest with the absentees, which, in many cases, are not the proper subjects of a preliminary reference, before the rights of the defendants who have appeared and answered have been determined upon the hearing.   The object of the 134th rule was to authorize a preliminary reference as of course, in mortgage cases, to compute the amount due, where the rights of the complainant, as stated in the bill, were not denied or contested by either of the defendants ; and, whenever such a reference was proper, to combine in the same order of reference all other preliminary inquiries which might be necessary to enable the court to make a final and perfect decree upon the hearing, so far as the rights of the complainant were concerned.   Where any of the defendants contest the complainant's rights as stated in the bill, an order of course cannot, therefore, be entered under that rule.   But this does not deprive the complainant of his right to an order of course, under the 25th

rule, for a reference to make the preliminary inquiries contemplated by the statute relative to suits against absentees. There are also many other cases, not coming within either of these rules, in which an order of reference to make preliminary inquiries, preparatory to a hearing of the cause upon the merits, may be proper. But in all such cases, if the reference is not an order of course under some other rule of the court and is not consented to by all parties interested therein, a special application must be made to the chancellor or vice chancellor before whom the suit is pending, upon due notice to such of the parties in the cause as have appeared and are interested in the subject matter of such reference.

In the present case the defendant who has appeared and answered has no interest whatever in the reference asked for, so far as relates to the rights of the absent defendants. And if this was the only object of the reference it would not have been necessary to give notice of the application to the defendant who had appeared; as the only reason for a special application to the court would have been to get permission to use the depositions, taken before the examiner, as evidence against the absentees on the reference.

The complainant, however, asks for permission to insert in the order of reference a direction to the master to compute the amount due upon the mortgage. And as this amount must be ascertained, even if the defendant who has answered succeeds in defeating the claim of the complainant as to that part of the mortgaged premises which was the subject of the release, I see no objection to the reference to make that preliminary inquiry in this stage of the cause. It will also save the extra expense of a second reference to compute the amount due.

The order of reference must, therefore, be entered as asked for by the complainant in his petition; but with leave to the defendant to apply to dismiss the bill for want of prosecution if the complainant neglects to procure the master's report without unnecessary delay.